IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVE CLAYTON, Derivatively on Behalf of Nominal Defendant SYSTEMAX, INC., <br><br> Plaintiff, <br><br> v. <br><br> RICHARD LEEDS, ROBERT LEEDS, BRUCE LEEDS, GILBERT FIORENTINO, STACY S. DICK, ANN R. LEVEN, ROBERT D. ROSENTHAL, and STEVEN M. GOLDSCHEIN, <br><br> Defendants, <br><br> and <br><br> SYSTEMAX, INC., a Delaware corporation, <br><br> Nominal Defendant. | Case No. 05-2513 (DGT) <br><br> **JUDGMENT AND ORDER** <br><br> FILED <br> IN CLERK'S OFFICE <br> U.S. DISTRICT COURT, E.D.N.Y. <br><br> ★ JUL 10 2006 ★ <br><br> BROOKLYN OFFICE |

## FINAL JUDGMENT AND ORDER OF DISMISSAL

The stipulation of settlement (and the exhibits thereto) and agreement of compromise, settlement and release of claims dated May 15, 2006 (the "Stipulation"), of the above-captioned shareholder's derivative action and the settlement it proposes (the "Settlement"), having come before the Court on _____ July 6 _____, 2006, upon Motion for a Final Judgment and Order of Dismissal pursuant to Fed.R.Civ.P. 23.1, and with respect to certain matters relating to the Settlement of the above-captioned action and a related action captioned *In re Systemax, Inc., Shareholder Derivative Litigation, Index No. 05-8835*, pending in the Supreme Court of the State

1

of New York (collectively, the "Actions") in accordance with the Stipulation, and

The Court having read and considered the Stipulation, heard arguments of counsel, granting preliminary approval of the settlement by Order dated May 15, 2006, and the Court having considered objections raised by current Systemax Stockholders at the Settlement Hearing, if any, and being otherwise fully appraised in the premises, and

All parties having consented to the entry of this Order; it is

**ORDERED, ADJUDGED AND DECREED THAT:**

### Definitions

1. For purposes of this Final Judgment and Order of Dismissal (the "Judgment"), the Court adopts and incorporates the definitions contained in the Stipulation.

### Jurisdiction

2. This Court has jurisdiction over the subject matter of the Actions, and over all parties to the Actions, including all current Systemax Stockholders.

### Plaintiffs

3. The Court, solely for the purposes of Settlement, finds that Steve Clayton is an adequate derivative representative for Systemax.

4. Pursuant to Fed.R.Civ. P. 23.1, and for the purposes of the Settlement only, the Court further finds that the Actions were properly brought as stockholder derivative actions for and on behalf of Systemax, and that Steve Clayton fairly and adequately represents the interests of Systemax shareholders similarly situated in enforcing the rights of Systemax in the Actions.

## Notice

5. The Court finds that the Notice of Settlement of the Actions was given in accordance with the Preliminary Order and that such notice was reasonable and constituted the most practicable notice under the circumstances, constituted valid, due and sufficient notice to all current Systemax Stockholders, and complied fully with the requirements of due process, the Constitution of the United States, and any other applicable law.

## Approval of the Settlement

6. This Court hereby approves the settlement set forth in the Stipulation and finds, in accordance with Fed.R.Civ. P. 23.1, that said settlement is, in all respects, fair, reasonable, adequate and in the best interests of Systemax and Systemax Stockholders and directs the consummation and implementation of the Settlement in accordance with the terms and provisions of the Stipulation.

7. This Court further finds that the Settlement has been entered into and made in good faith, and that Representative Plaintiffs' Counsel have fairly and adequately represented the interests of Systemax and Systemax Stockholders in connection with the Actions and the settlement of the Actions.

## Dismissal with Prejudice

8.  The Court hereby dismisses with prejudice *Clayton v. Leeds, et al.*, Civil Action No. 05 CV 2513 filed herein without costs to any party, except as provided herein.

9.  The Court further orders that the parties in the action captioned *In re Systemax, Inc., Shareholder Derivative Litigation, Index No. 05-8835*, pending in the Supreme Court of the State of New York promptly move to dismiss that action with prejudice, pursuant to the terms in the Stipulation.

## No Admission or Evidence of Liability

10. This Court hereby decrees that neither the Stipulation, nor this Judgment, nor the fact of the Settlement, is an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by the Defendants or Released Persons or of the truth of any of the claims or allegations alleged in the Actions. This Judgment is not a finding of the validity or invalidity of any claims in the Actions or of any wrongdoing or lack thereof by any Defendant. The Stipulation, and any and all negotiations, documents and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by the Settling Defendants or Released Persons, or of the truth of any of the claims or allegations, or of any alleged defense, or of the absence of any wrongdoing or limitation of damage or injury, and evidence thereof shall not be discoverable or used directly or indirectly, in any way, by any Person, in any other proceeding.

## Releases and Covenants

11. For purposes of this Judgment, the "Released Persons" means each and all of the Settling Defendants and their respective Related Parties.

12. Plaintiffs, Systemax, and Systemax Stockholders, are hereby permanently barred and enjoined from asserting, instituting, maintaining, prosecuting or enforcing against any of the Released Persons any of the Released Claims (including "Unknown Claims") in any court or other forum whatsoever, including such Released Claims as already may have been asserted in any pending action, arbitration or other proceeding.

## Continuing Jurisdiction

13. Without affecting the finality of this Judgment in any way, this Court retains continuing jurisdiction: (a) over the implementation, administration and consummation of this settlement; (b) over the Actions until the Judgment contemplated hereby has become effective and each and every act agreed to be performed by the parties to the Stipulation shall have been performed pursuant to the Stipulation; and (c) over all parties to the Actions and all parties to the Stipulation for the purpose of taking such other actions as may be necessary to conclude and administer this Settlement and to implement and enforce the Stipulation.

## Termination of Settlement

14. In the event that the Settlement does not become effective or is terminated in accordance with the terms and provisions of the Stipulation, then this Judgment shall be rendered null and void and be vacated and the Stipulation and all orders entered in connection therewith by this Court shall be rendered null and void.

## Attorneys' Fees and Expenses

15. Representative Plaintiffs' Counsel are hereby awarded as attorneys' fees and reimbursement of expenses the sum of $ 360,000 (the "Fee and Expense Award"). The Fee and Expense Award has been determined by the Court to be fair, reasonable, and entirely appropriate. No other fees, costs or expenses may be awarded to Representative Plaintiffs' Counsel in connection with the Actions or any related action. The Fee and Expense Award shall be distributed in accordance with the terms of the Stipulation.

## Incentive Award For Representative Plaintiffs

16. In light of the fact that Representative Plaintiffs Steve Clayton, Alan Korbin and William Share, through their prosecution of the Actions, brought meaningful benefits to the Company and other current Systemax Stockholders, the Court hereby awards each of the Representative Plaintiffs $1,000.00 (the "Incentive Award"). The Incentive Award shall be paid out of the Fee and Expense Award.

## Entry of Final Judgment

17. The Court finds that no just reason exists for delay in entering final judgment in accordance with the Stipulation. Accordingly, the Clerk is hereby directed to enter this Judgment forthwith.

Dated: 7/6/06

s/David G. Trager
HON. DAVID G. TRAGER